IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CROSSFIT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MONSTER X CAMP, LLC, a Texas limited liability company; and DOES 1-25.<br><br>    Defendants. | Civil Action No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff CrossFit, Inc. for its Complaint against Defendants Monster X Camp, LLC and Does 1-25 (collectively, "Defendants") respectfully alleges as follows:

### Nature of the Action

1. This is an action for willful violations of CrossFit's intellectual property rights, including trademark infringement, trademark dilution, and false designation of origin arising out of Defendants' unauthorized use of CrossFit's registered service marks and trademarks.

### Jurisdiction and Venue

2. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

3. This Court has subject matter jurisdiction over CrossFit's claims as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

/ / /

/ / /

## The Parties

5. Plaintiff CrossFit, Inc., is a Delaware corporation principally engaged in the business of fitness training and consultancy. CrossFit is the owner of protectable interests in several registered United States trademarks and service marks comprised of the term "CrossFit."

6. On information and belief, defendant Monster X Camp, LLC ("Monster X Camp" or "Defendant") is a Texas limited liability company with a principal place of business in Grapevine, Texas. Monster X Camp is a fitness facility offering exercise programs under the name "CrossFit."

7. CrossFit is ignorant of the true names and capacities of defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. CrossFit will amend this complaint and allege their true names and capacities when ascertained. CrossFit is informed and believes, and thereon alleges, that each of the defendants designated as "DOE" is responsible, in some manner, for the injuries and damages to CrossFit as alleged herein, and that CrossFit's damages were proximately caused by said defendants.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the defendants, including each "DOE" defendant, was the agent, servant, employee, joint-venturer, and/or partner of each of the other defendants, and in doing the things herein alleged, each defendant was acting within the course and scope of such agency and/or employment.

## CrossFit's Intellectual Property Rights

9. Through its design, development, sales, and marketing activities, CrossFit has developed a revolutionary fitness training regimen that has become the principal strength and conditioning program for many police academies and tactical operations teams, military special operations units, champion martial artists, and thousands of professional and amateur athletes worldwide. CrossFit licenses use of its intellectual property, including the "CrossFit" name, to

affiliates that have received particularized training and received a certificate from CrossFit. The CrossFit name is of particular value in the competitive "small-box" fitness training industry. CrossFit's careful cultivation, maintenance, and protection of its intellectual property rights have enabled CrossFit to amass considerable goodwill within its industry, and the CrossFit name is widely recognized around the world. Consumers readily and singularly associate the CrossFit name with CrossFit's business and services.

10.     CrossFit diligently protects its intellectual property through, *inter alia*, trademark and service mark registration. CrossFit owns several registered United States trademarks and service marks comprised of the word mark "CrossFit," including registered U.S. Service Mark Registration No. 3,007,458 issued on October 18, 2005, for use in connection with fitness training services. CrossFit marks ("CrossFit Marks") have been in continuous use in commerce since at least the dates of their first use as indicated in their registrations to the present day.

11.     CrossFit provides a nationally standardized certificate program to personal trainers who desire to become licensed CrossFit affiliates. Persons who successfully complete CrossFit's certificate program and meet other requirements for affiliation are eligible to enter into annually renewable affiliate license agreements which permit limited use of the CrossFit Marks subject to various conditions. Only persons who have completed CrossFit's certificate process and entered into valid affiliate license agreements are permitted to use CrossFit Marks.

### Defendants' Willful Infringement

12.     Monster X Camp is a fitness facility that uses the CrossFit Marks to offer and promote its services. Monster X Camp is not a CrossFit affiliate and CrossFit has never authorized Monster X Camp's use of the CrossFit Marks. Nonetheless, Monster X Camp offers exercise programs under the name "CrossFit."

13. Monster X Camp offers its services on the Internet through its website at www.monsterxcamp.com. Monster X Camp's website describes its exercise programs by using the CrossFit Mark. Specifically, the website states: (1) "[E]verything gets lean and toned with our . . . CrossFit training program . . ." (http://www.monsterxcamp.com/grapevine-texas-monkey-bar-bootcamp.php). Defendants' website goes further to state "Monster X Camp, a Martial Arts facility offering programs such as . . . Crossit Basic [sic] . . . ." (http://www.monsterxcamp.com/contact.php; http://www.monsterxcamp.com/classes.php.)

14. Monster X Camp uses the CrossFit Marks to promote its own services on several pages of Monster X Camp's website. The CrossFit Marks are used in a manner that creates the false impression that CrossFit endorses or otherwise approves the services Monster X Camp offers and/or that Monster X Camp is affiliated with CrossFit.

15. Monster X Camp advertises its fitness facility using the CrossFit Marks through the same marketing channels that CrossFit utilizes. In addition to the false suggestion of sponsorship or endorsement on Monster X Camp's website, the consumer confusion caused by Monster X Camp's use of the CrossFit Marks is exacerbated by Monster X Camp's use of social media to promote its business. Monster X Camp has used the CrossFit Marks to advertise and market its services in numerous ways, including through Facebook, Yelp.com and YouTube.com. Such use allows Monster X Camp to continuously communicate with consumers in real time to directly reinforce the misperception that Monster X Camp is a CrossFit affiliate.

16. Monster X Camp's use of the CrossFit Marks creates the false impression that Monster X Camp is a licensed CrossFit affiliate, creating consumer confusion.

17. CrossFit has not authorized or licensed Monster X Camp's use of the CrossFit Marks. CrossFit does not endorse Monster X Camp's business, or otherwise approve of Monster X Camp's infringing uses of the CrossFit Marks.

18. On information and belief, Monster X Camp uses the CrossFit Marks with the intent to mislead consumers into believing that Monster X Camp is a licensed CrossFit affiliate and/or otherwise sponsored or endorsed by CrossFit and with the intent to profit by trading on CrossFit's goodwill.

19. Monster X Camp was and is, at all relevant times, aware of CrossFit's prior use, ownership, and registration of the CrossFit Marks.

20. Monster X Camp's use of the CrossFit Marks reflects a deliberate attempt by Monster X Camp to make its services appear as if they originate from a licensed CrossFit affiliate or are otherwise sponsored or endorsed by CrossFit. Monster X Camp's intent is to give its services an instant credibility that is not otherwise warranted, and to confuse the unsuspecting consumer.

21. Monster X Camp's use of the CrossFit Marks is likely to cause confusion or mistake, or deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the source or sponsorship or approval of Monster X Camp's services and/or products, and/or as to its affiliation with CrossFit, and are thereby causing harm to CrossFit's reputation and goodwill.

22. Monster X Camp's use of the CrossFit Marks in connection with Monster X Camp's services and/or goods is likely to cause initial interest confusion or mistake, or initially deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the

source or sponsorship or approval of Monster X Camp's services, and/or as to its affiliation with CrossFit, and is thereby causing harm to CrossFit's reputation and goodwill.

23. Monster X Camp's unlawful conduct is causing and will continue to cause harm to CrossFit. In particular, consumers who view Monster X Camp's advertisements for their services and/or goods in connection with the CrossFit Marks will believe that Monster X Camp's services and/or goods are associated with CrossFit and/or CrossFit Marks. This conduct, if not enjoined, will undermine the goodwill that CrossFit has spent decades carefully cultivating for its marks.

24. In April 2012, September 2012, and November 2012, CrossFit sent a total of three separate correspondences to Monster X Camp requesting that it stop its infringing use of the CrossFit Marks. On February 8, 2013, CrossFit sent another correspondence requesting that Monster X Camp stop its infringing conduct. On February 21, 2013, CrossFit's counsel sent another cease and desist letter to Monster X Camp, demanding Monster X Camp cease its infringing use of the CrossFit Marks. Monster X Camp did not respond to any of the correspondence and has not returned phone calls from CrossFit. Instead, Monster X Camp has continued its infringing use of the Marks.

## FIRST CLAIM
**Trademark Infringement (15 U.S.C. § 1114)**
**(Against Monster X Camp and Does 1-25)**

25. CrossFit repeats and realleges the allegations set forth above.

26. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

27. Defendants used CrossFit's Marks to advertise and sell Defendants' fitness services in violation of CrossFit's rights in its registered trademarks and service marks.

28. Defendants' use of CrossFit Marks is likely to cause confusion, mistake, and to deceive consumers.

29. Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off CrossFit's goodwill.

30. Defendants acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of CrossFit.

31. By reason of the foregoing acts of trademark infringement, CrossFit has been injured in an amount not yet ascertained. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

32. In addition, as a result of Defendants' acts of infringement, CrossFit suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless Defendants' acts of infringement are enjoined by this Court, CrossFit will continue to suffer irreparable harm.

33. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM
### False Designation of Origin (15 U.S.C. § 1125(a))
### (Against Monster X Camp and Does 1-25)

34. CrossFit repeats and realleges the allegations set forth above.

35. Defendants' use of CrossFit Marks in interstate commerce, without CrossFit's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Defendants'

conduct has infringed CrossFit's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

36. By reason of the foregoing, CrossFit has been injured in an amount not yet fully determined. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

37. In addition, as a result of Defendants' acts of infringement, CrossFit suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless Defendants' acts of infringement are enjoined by this Court, CrossFit will continue to suffer irreparable harm.

38. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM
### Trademark Dilution  (15 U.S.C. § 1125(c))
### (Against All Defendants)

39. CrossFit repeats and realleges the allegations set forth above.

40. This claim is for trademark dilution under the laws of the United States, Section 43 of The Lanham Act, 15 U.S.C. § 1125(c).

41. Because of the substantive investment CrossFit has made in marketing its business, throughout years of continuous use in commerce, including advertising and extensive marketing, CrossFit's service marks and trademarks have become instantly recognizable and distinctive in the fitness industry, have gained secondary meaning, and have become both distinctive and famous. Thus, CrossFit Marks qualify as "famous marks" under the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125(c).

42. Defendants' unauthorized use of the CrossFit name dilutes the capacity of CrossFit Marks to identify and distinguish CrossFit's services.

43. By reason of the foregoing acts of trademark dilution, CrossFit has been injured in an amount not yet ascertained. Further, Defendants have been unjustly enriched by virtue of their dilution of the CrossFit Marks.

44. In addition, as a result of Defendants' acts of infringement, CrossFit has suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless Defendants' acts of infringement are enjoined by this Court, CrossFit will continue to suffer irreparable harm.

45. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, CrossFit demands judgment as follows:

a. Judgment in CrossFit's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendants and those additional parties specified in Federal Rule of Civil Procedure 65(d) from continued infringement of CrossFit's intellectual property rights, including infringement of CrossFit's registered trademarks and service marks;

c. An accounting of profits and damages resulting from Defendants' false designation of origin and trademark infringement, and trebling of such damages under the trademark laws because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

d. An award to CrossFit of (a) an amount equal to the actual damages suffered by CrossFit as a result of the infringement of its proprietary trade dress; (b) an amount equal to the profits earned by Defendants as a result of their infringement; (c) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; (d) in the alternative as may be elected by CrossFit, pursuant to Lanham Act Section 35, 15 U.S.C. § 1117(c), statutory damages for each of Defendants' willful acts of infringement; (e) pre-judgment interest and post-judgment interest; (f) an amount equal to CrossFit's reasonable attorney's fees, as an "exceptional" case under 15 U.S.C. § 1117;

e. An award of punitive damages for intentional and willful acts;

f. An award of interest, attorney's fees, and costs; and

g. Such other and further relief as the Court deems proper.

Dated: April 1, 2013

Respectfully submitted,

GORDON & REES LLP

*s/ Steven Lawson*
Steven Lawson
Texas Bar Number: 24047175
2100 Ross Avenue, Suite 2800
Dallas TX, 75201
Phone: (214) 231-4660
Fax: (214) 461-4053
Email: *slawson@gordonrees.com*

*Attorneys for Plaintiff CrossFit, Inc.*

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, CrossFit hereby demands a jury trial on all issues triable as of right to a jury.

Dated: April 1, 2013

Respectfully submitted,

GORDON & REES LLP

*s/ Steven Lawson*
Texas Bar Number: 24047175
2100 Ross Avenue, Suite 2800
Dallas TX, 75201
Phone: (214) 231-4660
Fax: (214) 461-4053
Email: *slawson@gordonrees.com*

*Attorneys for Plaintiff CrossFit, Inc.*